```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAL WILLIAMS,                        )
                                       )   Civil Action
              Petitioner               )   No.  2012-cv-00102
                                       )
       vs.                             )
                                       )
DEBRA SAUERS,                          )
THE ATTORNEY GENERAL OF THE            )
STATE OF PENNSYLVANIA and              )
DISTRICT ATTORNEY OF THE COUNTY OF     )
PHILADELPHIA,                          )
                                       )
              Respondents              )
```

O R D E R

NOW, this 24th day of February, 2015, upon consideration of the following documents:

    (1)    Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, which petition was filed by petitioner Jamal Williams pro se on January 9, 2012;[1]

    (2)    Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus, which memorandum was filed on March 15, 2012;

    (3)    Response to Petition for Writ of Habeas Corpus, which response was filed on June 6, 2012;

    (4)    Report and Recommendation of United States Magistrate Judge Henry S. Perkin dated and filed March 6, 2014; and

    (5)    Petitioner's Objections to the District Magistrate[']s Report and Recommendation, which objections were filed March 24, 2014;

---

[1] Mr. Williams' § 2254 petition was filed January 9, 2012. However, the petition itself indicates that it was signed by defendant on January 4, 2012.  Thus, giving petitioner the benefit of the prison mailbox rule (see Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) and Rule 3(d) of the Rules Governing Section 2254 cases in the United States District Courts), I consider January 4, 2012 the filing date of Mr. Williams' petition.

it appearing that petitioner's objections to Magistrate Judge Perkin's Report and Recommendation are a restatement of the issues raised in his underlying petition for habeas corpus relief and are without merit; it further appearing after de novo review of this matter that Magistrate Judge Perkin's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

>  IT IS ORDERED that Magistrate Judge Perkin's Report and Recommendation is approved and adopted.

>  IT IS FURTHER ORDERED that petitioner's objections to Magistrate Judge Perkin's Report and Recommendation are overruled.[2]

---

[2] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).  Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

As noted above, petitioner's objections to Magistrate Judge Perkin's Report and Recommendation are nothing more than a restatement of the underlying claims contained in his petition for habeas corpus.  Moreover, upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal and factual issues raised by petitioner.

Accordingly, I approve and adopt Magistrate Judge Perkin's Report and Recommendation and overrule petitioner's objections to the Report and Recommendation.

IT IS FURTHER ORDERED that the within petition for habeas corpus relief filed by petitioner pro se is denied without a hearing.

IT IS FURTHER ORDERED that because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.[3]

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

[3] The Third Circuit Local Appellate Rules require that "[a]t the time a final order denying a petition under 28 U.S.C. § 2244 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue." 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Here, I conclude that jurists of reason would not debate the conclusion that the within petition fails to state a valid claim of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542, 555 (2000). Accordingly a certificate of appealability is denied.